UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND KERPASH and MYRNA KERPASH,

　　　　　Plaintiffs,

　　　　　v.

ILLINOIS DEPARTMENT OF TRANSPORTATION,

　　　　　Defendant.

Case No. 06-cv-474-JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defect in the jurisdictional allegations of the Complaint (Doc. 4) filed by the plaintiffs:

•   **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual party, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The Complaint alleges the plaintiffs' residences but not their citizenships.

The Court hereby **ORDERS** that the plaintiffs shall have up to and including July 21, 2006, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Plaintiffs are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: July 10, 2006**

　　　　　　　　　　　　　　　　　　　　s/ J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**

Dockets.Justia.com